# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY GILLELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-808-D |
| ) | |
| THE CITY OF OKLAHOMA CITY, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Defendant's Motion to Stay All Proceedings Pending Ruling on Defendant's Motion to Dismiss [Doc. No. 12] and Defendant's Unopposed Application for Extension of All Deadlines [Doc. No. 21]. As indicated, Plaintiff opposes Defendant's request for a stay [Doc. No. 14] but agrees to a 60-day extension of all remaining deadlines.

The decision to grant or deny a motion to stay lies within the Court's discretion. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The court should use this power in its discretion to provide 'economy of time and effort for itself, for counsel, and for litigants.'" *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (quoting *Landis*, 299 U.S. at 254). In exercising its discretion, the Court "must

weigh competing interests and maintain an even balance." *Beltronics*, 545 F. Supp. 2d at 1189 (quoting *Landis*, 299 U.S. at 255). Thus, "[w]hen applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts*, 563 F.3d at 1080 (quoting *Ben Ezra, Weinstein, & Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks omitted)). "The Tenth Circuit has stated that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.' ... [Hence,] [t]he court must stay within the 'bounds of moderation' when granting a stay." *Beltronics*, 545 F. Supp. 2d at 1189 (citations omitted).

In assessing the propriety of a stay, the Court is to consider: (1) whether the defendant is likely to prevail in the related proceeding; (2) whether, absent a stay, the defendant will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests at stake. *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

Upon careful consideration of the parties' submissions and respective arguments, the Court finds that a stay is not warranted. Defendant has not sufficiently shown it is likely to prevail on its motion to dismiss or that it would be

*irreparably* harmed if this case were to proceed. Defendant cites the purported burden of responding to Plaintiff's discovery requests; however, nearly all courts have concluded that incurring litigation expenses does not alone amount to irreparable harm. *See, e.g., Mohamed v. Uber Technologies*, 115 F. Supp. 3d 1024, 1032-33 (N.D. Cal. 2015) (noting that "the money and time a party must expend during the litigation process, while burdensome, does not alone constitute irreparable injury[.]") (citation and internal paraphrasing omitted). Since Defendant has failed to sufficiently establish likelihood of prevailing on the merits or irreparable harm, the Court declines to address the remaining factors in deciding whether to grant a stay.

Alternatively, the parties have agreed to a 60-day extension of all remaining deadlines and the Court grants their request. All deadlines in the Court's Scheduling Order [Doc. No. 9] are hereby extended as follows:

    a.    Defendant's final list of expert witnesses to be filed March 21, 2017.

    b.    Plaintiff's final list of witnesses to be filed March 21, 2017.

    c.    Defendant's final list of witnesses to be filed April 4, 2017.

    d.    Plaintiff's final list of exhibits to be filed March 21, 2017.

    e.    Defendant's final list of exhibits to be filed April 4, 2017.

    f.    Discovery to be completed by May 5, 2017.

    g.    All dispositive and *Daubert* motions to be filed by April 7, 2017.

    h.      Jury trial docket - July 11, 2017.

    i.      Designations of deposition testimony to be used at trial to be submitted by May 20, 2017 and any counter designations submitted by May 27, 2017.

    j.      Motions in limine to be filed by May 20, 2017.

    k.      Requested voir dire to be filed by May 20, 2017.

    l.      Trial briefs to be filed by May 20, 2017.

    m.      Requested jury instructions to be filed by May 20, 2017.

    n.      Any objections or responses to the trial submissions referenced above to be filed by June 3, 2017.

    o.      Final Pretrial Report to be submitted by May 20, 2017.

All other provisions of the Scheduling Order shall remain in effect.

Accordingly, Defendant's Motion to Stay All Proceedings [Doc. No. 12] is **DENIED**, and Defendant's Unopposed Application for Extension of All Deadlines [Doc. No. 21] is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that Defendant shall have until February 10, 2017, to respond to Plaintiff's opening discovery requests.[1]

---

[1] In its brief, Defendant states that such responses were due on January 3, 2017. In her response brief, Plaintiff asserts she would be agreeable to a short extension of time.

**IT IS SO ORDERED** this 30th day of January, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE